UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
──────────────────────────────────────

HAL RICHARD LaVALLEY,

               Petitioner,

      v.

SUPERINTENDENT,

             Respondent.
──────────────────────────────────────

**REPORT AND
RECOMMENDATION**

05-CV-1238
(TJM/VEB)


# I. INTRODUCTION

Petitioner, Hal Richard La Valley, proceeding *pro se*, commenced this action seeking habeas corpus relief under 28 U.S.C. § 2254 by filing a Petition on September 29, 2005. (Docket No.1).   Petitioner is an inmate at the Franklin Correctional Facility.  In 2002, Petitioner was convicted of first degree sodomy in a New York state court and sentenced to a term of imprisonment.  This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 15).


# II. REPORT AND RECOMMENDATION

The form Petition filed by Petitioner in this case sets forth the history of the underlying state court proceedings and lists the claims asserted on Petitioner's behalf on direct appeal. However, the section of the Petition designated for the habeas corpus claims that Petitioner is asserting in the instant case is blank.

1

Therefore, by Order dated September 26, 2007, this Court directed Petitioner to file a corrected Petition and provide this Court with his asserted grounds for habeas relief by October 31, 2007. (Docket No. 16).  The Court also requested that the Clerk of the Court send Petitioner another form petition to complete.  (Id.).   Petitioner did not respond to this Court's September 26th Order.

On November 9, 2007, this Court provided Petitioner with a further opportunity to file a corrected Petition setting forth the claims that he asserts in support of his request for habeas relief.  Specifically, this Court re-directed Petitioner to provide the Court with his asserted grounds for habeas relief and gave Petitioner an additional fifteen (15) days to comply.  (Docket No. 17).  This Court specifically advised Petitioner that dismissal of the Petition would be recommended if he failed to comply.  To date, the Court has not received any response from Petitioner, either in the form of an amended Petition or a request for additional time to complete such an amendment.  More than two (2) months have passed since this Court's Order of September 26th.

By operation of Rule 72.4 (a) of the Local Rules of Civil Procedure of this Court, petitions filed pursuant to 28 U.S.C. § 2254 must comply with the Rules Governing § 2254 Cases in the United States District Court.  In turn, Rule 2 of the Rules Governing Habeas Corpus Proceedings provides that a Petition "shall specify all the grounds for relief which are available to the petitioner."

As at least one court in this District has noted, on habeas review, the court is to look to "*the petition filed herein*, and not any collateral state-court challenge to the conviction . . . , in determining whether petitioner is entitled to habeas relief."  Martinez v. Senkowski, 97-CV-0624, 2000 WL 888031, at *4 (N.D.N.Y. June 28, 2000).

2

Moreover, "[i]t is not the responsibility of the Court nor the Respondent to sort through the state court records and speculate on the facts Petitioner asserts in support of" his request for habeas relief.  Martinez v. O'Connell, 06-CV-0887, 2007 WL 189335, at *1 (N.D.N.Y. Jan. 22, 2007).  "Rather, that information must be set forth in the Petition." Id.; cf. also Thornton v. Verzosa, 07-CV-00660, 2007 WL 1712819, *1 (E.D.Cal. June 12, 2007) ("Petitioner completely fails to identify any of his grounds for relief with any specificity, he fails to support his claims with any facts, and he fails to state the relief he requests. Therefore, the petition must be dismissed.")

In the present case, this Court finds that dismissal of the Petition is warranted by virtue of Petitioner's failure to comply with Rule 2 of the Rules Governing Habeas Corpus Proceedings.  To wit, Petitioner completely failed to state the claims asserted in support of his request for habeas relief, leaving that portion of the Petition blank.  Moreover, Petitioner failed to avail himself of two (2) opportunities to amend his Petition and correct the defect and ignored a specific warning from this Court that failure to address this issue would result in a dismissal recommendation.

For the foregoing reasons, it is recommended that the Petition be DISMISSED.


## IV. CONCLUSION

For the reasons stated above, the Court recommends Hal Richard LaValley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge


DATED:      December 4, 2007

            Syracuse, New York


## V. ORDERS


Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**

4

Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

December 4, 2007

Victor E. Bianchini
United States Magistrate Judge